```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

                                  )
JAMES D. MORRISON,                )
                                  )
         Plaintiff,               )
                                  )    C.A. No. 05-10353-RWZ
         v.                       )
                                  )
WINGATE MANAGEMENT CO.,           )
                                  )
         Defendant.               )
```

ORDER

For the reasons set forth below, the Court dismisses this action without prejudice.

BACKGROUND

On February 23, 2005, plaintiff James D. Morrison filed the complaint in this action, an application to proceed without prepayment of the $250.00 fee assessed for commencing a civil action, and a motion for appointment of counsel. I granted the application to proceed without prepayment of the filing fee in a separate order.

The documents submitted by Morrison contain the following allegations:  Morrison resides in an apartment in Boston with his eighty-seven year-old mother, Beatrice Breslin.  The apartment is leased to Breslin.  The unit is managed by defendant Wingate Management Company, Inc. ("Wingate").  In a letter dated February 11, 2005, Wingate notified Breslin that she had violated the terms of her lease agreement by allowing

the plaintiff (identified in the letter as "Chuck") to live with her. The letter reminds Breslin that the lease only permits a guest to stay with Breslin for up to fourteen days per calendar year. The letter states that "Chuck" must move out of Breslin's apartment by February 28, 2005. Morrison alleges that on February 22, 2005, Wingate changed his move-out deadline to February 24, 2005.

Morrison asks that the Court "enjoin Wingate Mgt. from evicting [him] without due process and enforce [his] rights of equal protection under the Constitution of the United States," and that the Court grant a hearing on this matter. Compl. ¶¶ V, VI.

## DISCUSSION

The Court must dismiss Morrison's action for lack of subject matter jurisdiction. In any lawsuit, "[i]t is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." McCullock v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). If a district court discovers that it lacks subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

It is clear from the face of the pleadings that the Court lacks subject matter jurisdiction to entertain Morrison's

claims. Although Morrison alleges that jurisdiction is proper under 28 U.S.C. § 1331, which grants the district courts subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United states," id., Morris has failed to allege such a claim. Morris purports to invoke his constitutional rights to due process and equal protection, see U.S. Const. Amends. V, XIV, but these rights are only implicated where the federal or state government is responsible for the complained-of conduct, see, e.g., Yeo v. Town of Lexington, 131 F.3d 241, 248-49 (1st Cir. 1997) ("If there is no state action, then the court may not impose constitutional obligations on (and thus restrict the freedom of) private actors."). Because Morrison has not alleged, nor does the complaint suggest in any way, that Wingate is a government actor, then Morrison's rights to due process and equal protection cannot be violated by Wingate's conduct. See, e.g., Miller v. Hartwood Apartments, Ltd., 689 F.2d 1239 (5th Cir. 1982) (where apartments were owned and operated by a private corporation, corporation's involvement with government-funded rental assistance program did not create a sufficient nexus between the corporation and the government to transform private action into state action).

CONCLUSION

ACCORDINGLY, the Court orders that this action be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

| | |
|---|---|
| February 24, 2005 | /s/ Rya W. Zobel |
| DATE | UNITED STATES DISTRICT JUDGE |